**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

[7] DIEGO F. IDROBO-VICTORIA,

Defendant.

CRIMINAL NO. 20-451 (SCC)(HRV)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before the Court are two motions filed by *pro se* defendant Diego F. Idrobo-Victoria (hereinafter "Mr. Idrobo") seeking a reduction of his sentence (compassionate release) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Docket Nos. 197 and 216). These motions, which are identical, have been referred to me for report and recommendation. For the reasons outlined below, I recommend that they be DENIED.

*Background*

On December 21, 2020, a grand jury sitting in this district returned an Indictment against Mr. Idrobo charging him in two counts. (Docket No. 3). Count One charged an international conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 959, 960 and 963. Defendant was also named in Count Three which charged Idrobo and others with international distribution of heroin, a violation of 21 U.S.C. § 959(a) and 960(b)(3). On August 29, 2022, Mr. Ibrobo pleaded guilty to Count One of the Indictment pursuant to a plea agreement. (Docket Nos. 133, 135).

The Court sentenced Mr. Idrobo on January 10, 2023, to a term of imprisonment of 37 months, to be followed by three (3) years of supervised release. (Docket Nos. 163, 164). Subsequently, the Court reduced defendant's sentence to 30 months under retroactive amendment 821. (Docket Nos. 236, 237). He is currently housed at the FCI Coleman Low facility of the Bureau of Prisons ("BOP"), with an estimated release date of February 19, 2025.

On August 7, 2023, Mr. Idrobo filed his original motion for compassionate release. (Docket No. 197). The motion makes some legal arguments that are difficult to follow regarding the legality of his conviction and sentence. The motion also alleges that "[d]efendant's parents are elderly, and in need of defendant's daily assistances due to their medical conditions." (Docket No. 197 at 4). Mr. Idrobo attaches medical records from Colombia in the Spanish language detailing the medical conditions of his parents. (Docket No. 197-2). On December 15, 2023, defendant filed a "renewed" motion for compassionate release. This motion is word-by-word identical to the one filed at Docket No. 197.

The government has not responded to either motion. The presiding District Judge referred the matter to me for report and recommendation on April 18, 2024. (Docket No. 244).

***Applicable Law and Discussion***

Mr. Idrobo first claims that the judgment (I assume the sentence he received) exceeds any possible harm or "injury" caused to the United States by his criminal conduct. He argues that he has "a justifiable grievance against the judgment, which under the 1st [sic] amendment rights protections, entitles him to a corrected—and reduced—sentence."

(Docket No. 197 at 3). These are awkwardly phrased and inapplicable justiciability arguments. For instance, Mr. Idrobo includes terms such as "redressability, "cases and controversies", and "Article III standing." Further, the motion talks about "newly uncovered facts" and contends that "[t]he United States failed to proffer any concrete factual evidence of Defendant's legislative violation(s)." (Docket No. 197 at 4).

I will not try to decipher the above arguments because in the end, the defendant lists the following seven reasons why his sentence should be reduced: (1) he is Colombian; (2) his parents are in Colombia in need of his assistance with respect to their medical conditions; (3) the length of imprisonment received is excessive considering the crime was an "attempt"; (4) his return to Colombia complies with some unknown policy for reuniting immigrants with their families; (5) his return to Colombia aligns with the purpose and goals of the First Step Act of 2018; (6) his release and return to Colombia will free up bed space at the BOP; and (7) he can be banned from returning to the United States. (*Id.* at 5). In sum, Mr. Idrobo argues that he "has presented sufficient facts showing his sentence of imprisonment is in need of a reduction in sentence to 'time served' and his immediate deportation back to Colombia, [so] that he may take care of his parents in their later-stages in life." (*Id.* at 6.)

The so-called compassionate release statute allows a court acting on a defendant-filed motion—as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

> reduce the term of imprisonment (and... impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds

3

that—(i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).[1]  This statute is one of the very few exceptions to the rule that once imposed, a term of imprisonment shall not be modified. *United States v. Saccoccia*, 10 F.4th 1, 3 (1st Cir. 2021).

To obtain compassionate release, a defendant must establish these three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) that relief is appropriate under the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors.  *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023).

With respect to the first prong—whether the reasons advanced by the defendant are extraordinary and compelling—the determination is "guided by the plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021).  "The plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree . . . .  By the same token, the plain

---

[1] The statute also requires exhaustion of administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Mr. Idrobo submitted an attachment to the original motion consisting of an email in which he is requesting from the warden of his facility that a compassionate release motion be filed on his behalf. (Docket No. 197-1). There is no evidence that the warden ever responded or that Mr. Idrobo exhausted remedies.  Notwithstanding, the exhaustion requirement in 18 U.S.C. § 3582(c) is not a jurisdictional bar; rather, it is a mandatory claim processing rule. *See United States v. Texeira-Nieves*, 23 F.4th 48, 53 (1st Cir. 2022)("In our judgment . . . [the] exhaustion requirement is not a jurisdictional limitation . . . ."). As such, the government can waive it "either expressly or by failing to raise it as a defense." *United States v. Newton*, No. 17-cr-0073-JAW, 2023 WL 8529442; 2023 U.S. Dist. LEXIS 218588 (D. Me. Dec. 8, 2023)(citations omitted).  By not responding to defendant's compassionate release motions, the government has waived any failure to exhaust argument.

meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." *Id.* (citations omitted).

Prior to November 1, 2023, and because the Sentencing Commission had not issued an amended policy statement applicable to prisoner-initiated compassionate release motions, the First Circuit held that district courts had discretion to "consider any complex of circumstances raised by a defendant, as forming an extraordinary and compelling reason warranting relief." *United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022). Subsequently, in *United States v. Trenkler*, 47 F.4th 42, 47-48 (1st Cir. 2022), it was clarified that pursuant to the holding in *Ruvalcaba*, district courts "may conduct a holistic review to determine whether the individualized circumstances [of the defendant], taken in the aggregate, present an 'extraordinary and compelling' reason to grant compassionate release," including alleged sentencing errors.

The Sentencing Commission's policy statement regarding defendant-filed motions for compassionate release is now in effect. *See* U.S.S.G. § 1B1.13 (Nov. 1, 2023). Consequently, the court "must take heed of" the policy statement as noted in *United States v. Rivera-Rodriguez*, 75 F.4th 1, 18 n.22 (1st Cir. 2023), and consider its scope in deciding what constitutes an extraordinary and compelling reason. *United States v. Quiros-Morales*, 83 F.4th at 84.

In the amended policy statement, the Sentencing Commission has identified six circumstances that individually or in combination may provide extraordinary and compelling reasons for a reduction in sentence. U.S.S.G. § 1B1.13(b). These are: certain medical circumstances such as a terminal illness or inability to receive medical care while incarcerated, *id.*, § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's

5

family circumstances, *id.* § 1B1.13(b)(3); the defendant having been the victim of sexual or physical abuse by or at the direction of a correctional officer, *id.* § 1B1.13(b)(4); a catch-all provision of any other reason or combination of reasons similar in gravity to those described in (1) through (4), *id.* § 1B.13(b)(5); and if the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6).

After careful consideration, I find that Mr. Idrobo has not established the existence of extraordinary and compelling reasons to warrant a reduction of his sentence. Of the reasons adduced, the only one that remotely resembles a claim that could be cognizable under the applicable statute and legal framework is the argument about defendant's family circumstances. He contends that his parents are elderly and submits medical records that demonstrate they are receiving medical treatment for several conditions, including cancer (his father). Unfortunately, without more, this reason does not rise to the level of extraordinary and compelling under the amended policy statement of the Sentencing Commission.

With respect to family circumstances, the policy statement provides that extraordinary and compelling reasons exist, for instance, when the parent of the defendant is incapacitated and "the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Some of the medical records provided are a year old or older, and they do not clearly establish the severity, status, or prognosis of the medical conditions. Certainly, the records do not establish that either of the defendant's parents are incapacitated. Even if I was inclined to find that defendant's parents medical conditions were severe enough to be incapacitating, the lack of evidence to demonstrate that Mr. Idrobo is the only available caregiver for them is dispositive. *See United States*

6

v. *Mackenzie*, 458 F. Supp. 3d 53, 55 (D. Mass. 2020)(no extraordinary and compelling reasons existed because there was no indication that defendant was the only available caretaker of his grandson); *see also United States v. Taveras*, No. 19—cr-40049-MGR-5, ___ F. Supp. 3d ___, 2024 WL 1606013, 2024 U.S. Dist. LEXIS 67198 at *13-14 (D. Mass Apr. 12, 2024)(denying compassionate release because even if the medical conditions of defendant's mother rendered her incapacitated, defendant was not her only available caregiver.); *United States v. Rodriguez-Soler*, Criminal No. 10-64 (MAJ)(BJM), 2024 WL 1596853, 2024 U.S. Dist. LEXIS 70289 at *18 (D.P.R. Apr. 12, 2024)(the policy statement requires that the defendant be the only available caregiver and there was no indication that defendant's wife could not care for herself or his three children). The record reveals that the defendant has two siblings that live in Cali, Colombia, the same city where his parents live. (Pre-sentence Investigation Report, Docket No. 143 at 10-11). There is nothing submitted to show that Mr. Idrobo's siblings cannot care for their parents.

Lastly, the applicable section 3553(a) factors counsel against a further reduction in sentence. I say further because the defendant's sentence has already been reduced under amendment 821. (Docket No. 237) Mr. Idrobo's offense of conviction involves international drug-trafficking, a very serious offense. Therefore, a reduction of sentence to time-served after he has served only 16 months of a 30-month sentence would be inconsistent with the need to provide just punishment, the need to protect the public, and the need to promote deterrence and respect for the law. *See United States v. Martinez*, No. 2:18-cr-00089-JAW, 2023 WL 3305674, 2023 U.S. Dist. LEXIS 79444 at *29 (D. Me. May 8, 2023).

*Conclusion*

In view of the above, I recommend that the defendant's motions for compassionate release be DENIED.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 17th day of May, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
